By the Court.
There is some question as to what this suit should be regarded, whether as in the nature of an assignment, or as a suit to ‘dissolve a corporation on the ground of insolvency, or for the appointment of a receiver in aid of *589 a creditor only. We shall treat it, however, as a suit to dissolve a corporation, because upon the facts as found, such proceeding might have been instituted, and a dissolution must necessarily result from awarding the relief to which the creditors are entitled: The company, being indebted largely in excess of all its corporate property and assets of every kind,* cannot, for the want of capital, continue business after its creditors have been satisfied.
The question then arises whether, under the provisions of § 5661 Revised Statutes, these mortgages, executed at the time and under the circumstances that they were, are valid or not. The section reads as follows:
“ All sales, assignments, transfers, mortgages, and conveyances, of any part of the estate, real or personal, including things in action, of every description, made after the petition for dissolution of the corporation is filed, in payment of or as security for any existing or prior debt, or for any other consideration, and all judgments confessed by such corporation after that time, shall be absolutely void as against the receiver appointed on such petition, and as against the creditors of the corporation.”
The petition in this case was filed on the day following the execution and record of the mortgages to the banks; but, upon the principle of Rouse, Trustee, v. The Bank, 46 Ohio St. 498, there can be no question but that, if at the time of the execution of these mortgages, the intention were to procure the institution of a suit on the next day for the dissolution of the corporation and the appointment of a receiver, the execution of the mortgages and the commencement of the suit should be regarded as one transaction; and to give effect to the mortgages would, under such circumstances, amount to a plain fraud on the law. This, however, is a question of fact upon which the court below, after hearing the evidence, found differently. It, in substance, found that, though the corporation was insolvent to the knowledge of its officers, “ its general commercial credit remained good,” and that it was in the control of its property, actively prosecuting its busi *590 ness, and expected to continue to do so as before; and that all parties acted in good faith.
There can be no doubt that all such transactions between a company and a part of its creditors, after insolvency is known to exist, should be closely scrutinized by a court, and the adoption of no mere device or form of proceeding, should be permitted to frustrate the equitable provisions of the statute, applicable to the dissolution and winding up of insolvent corporations. Still the right of a company, though embarrassed, to continue its business and to retrieve its fortunes, if possible, must be conceded to it as well as to natural persons, and this right necessarily carries with it the power to obtain an extension of credit by giving a mortgage upon its property to such of its creditors as are unwilling to give further time unless so secured. When this power is fairly and honestly exercised, with no purpose at the time of immediately abandoning business or making an assignment, the validity of a security so obtained cannot well be questioned.
We might, upon the evidence in this case, have arrived'at a different conclusion from the court below as to whether there was any actual intention on the part of the company or its officers to continue business after the execution of these mortgages. There are a number of things in the evidence that might be regarded as casting a doubt upon this question. Still it is not the practice of this court to weigh the evidence, but to accept the facts as they have been found by the court in which the evidence was heard. And, for this reason, the judgment is

Affirmed.